UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA SUZANNE HARNDEN,

    Plaintiff,

v.

ST. CLAIR COUNTY 31ST
CIRCUIT COURT, et al,

    Defendants.
_____/

Case No. 16-cv-13905

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED
DECEMBER 4, 2017 (DKT. 16), (2) OVERRULING PLAINTIFF'S OBJECTIONS
THERETO (DKT. 17), (3) GRANTING DEFENDANT'S MOTION TO DISMISS (DKT.
11), AND (4) DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Anthony P. Patti (Dkt. 16), which recommends granting Defendants' motion to dismiss. Plaintiff Pamela Harnden filed objections to the R&R (Dkt. 17), to which Defendants filed a response (Dkt. 18). Because oral argument will not aid the decisional process, the objections to the R&R will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons set forth below, the R&R is accepted and Defendants' motion to dismiss is granted.

**I. BACKGROUND**

The factual and procedural background, along with the standard of decision and legal principles governing motions to dismiss, have been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Harnden alleges that Defendants — the 31st Circuit Court in St. Clair County and several judicial officials, including two judges —

1

participated in the harassment of her family in the form of a child welfare investigation initiated following an October 2008 allegation that her fifteen year old son hit her adopted daughter with a metal rod. Her son was arrested and charged, and her foster children were removed from the home. Harnden and her husband were investigated for possible child abuse or neglect. Her son was released in November 2008, and the abuse or neglect investigation was closed on March 15, 2010. She now asserts claims of kidnapping, gross negligence, civil rights violations (construed as a violation of 42 U.S.C. § 1983), and civil conspiracy.

Between 2010 and 2014, Harnden apparently contacted both state and federal law enforcement agencies to attempt to initiate an investigation. When these requests did not ripen into charges or other formal proceedings, Harnden turned to the courts.

This is one of four lawsuits filed by Harnden since 2015 related to this investigation. On May 16, 2016, this Court adopted the report and recommendation to dismiss the first of these lawsuits — brought against her local school district — finding that there is no private right of action for kidnapping and that all of her claims were barred by the applicable statutes of limitation. See Harnden v. Crosswell-Lexington Community Schools, No. 15-12378, 2016 WL 2731188 (E.D. Mich. May 11, 2016). The second of these lawsuits — brought against the Michigan Department of Human and Health Services — was dismissed because the defendants could not be liable under the doctrine of sovereign immunity and because, despite Harnden's claims that the limitations period was tolled due to the criminal investigations, the claims were barred by the applicable statutes of limitations. See Harnden v. State of Michigan Department of Health and Human Services, No. 16-13906, 2017 WL 3224969 (E.D. Mich. July 31, 2017), aff'd, No. 17-2022 (6th Cir. March 5, 2018). The third and fourth lawsuits, which include the instant suit, were filed on the same day, see Harnden v. County of St. Clair, No. 16-13904; the magistrate judge

recommended dismissing both. Harnden filed twelve objections. For the reasons that follow, the Court overrules Harnden's objections and grants Defendants' motion to dismiss.[1]

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

As explained by the magistrate judge, Defendants filed their answers on December 6, 2016 and January 19, 2017, but did not file the motion to dismiss until March 20, 2017. Thus, the motion cannot be considered a motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), because such a motion "must be made before pleading." But it can be construed as a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). "A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss." Kottmyer v. Maas, 436 F.3d 684, 689 (6th Cir. 2006). Accordingly, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)), cert. denied, 552 U.S. 1311 (2008). To survive the motion, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl.

---

[1] The other case, No. 16-13904, is addressed and dismissed in a separate opinion.

Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

## III. ANALYSIS

Harnden has raised twelve objections. For the sake of clarity, the Court has grouped them by subject and will address them accordingly.

### A. Case Reassignment

Objection 1 purportedly relates to a section of Magistrate Judge Patti's report and recommendation, but seems to actually be an objection to the procedure of reassignment of this matter from Judge Tarnow to the undersigned. Harnden claims that the reassignment of the case did not comport with the Local Rules and constitutes obstructing justice. See Objs. at 2-3 (Dkt. 17). The Court construes the objection as a motion for reconsideration of the reassignment order. See Dietrich v. Patti, No. 16-11469, 2016 WL 3682957, at *3 (E.D. Mich. July 12, 2016) (construing the plaintiff's "objection" to the reassignment of the case as a motion for reconsideration).

Pursuant to Local Rule 7.1(h), a motion for reconsideration must be filed within fourteen days after the entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). A party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." Id. A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

The case was reassigned from Judge Tarnow to the undersigned on February 17, 2017, because it appeared to be a companion case to Harnden's first action. 2/17/2017 Order (Dkt. 9). Because Harden's objection was filed beyond the fourteen days required under the Local Rule, it is untimely. Nevertheless, even if the Court were to consider the merits of the objection, Harnden has not demonstrated a palpable defect by which the Court was misled, nor has she shown that correcting any defect would have resulted in a different outcome.

Local Rule 83.11(b) allows for cases to be reassigned if they are companion cases, i.e. if the two are "cases in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence . . . ." E.D. Mich. LR 83.11(b)(7)(A)(i)-(ii). In both cases, the parties were state and local officials whose investigation allegedly resulted in the questioning and/or temporary removal of her children. These cases clearly have related parties and arise out of the same transaction or occurrence, and it is likely that substantially similar evidence would be offered at trial. Accordingly, it is clear that the two matters are companion cases, and Harnden's Objection 1 is overruled.

**B. Recitation of Factual Background**

Harnden's Objections 2 and 3 relate to the magistrate judge's recitation of the facts. Objection 2 claims that the magistrate judge omitted "inconvenient truths" in the recitation, while Objection 3 states that the magistrate judge misstated a date related to the investigation against her son. See Objs. at 3-5. The Court overrules these objections. As will be explained below, the claims in this case were dismissed due to the expiration of the statute of limitations; none of the events leading to this suit took place within three years of the filing of the suit. In her objections,

Harnden does not point to any events that did take place within that period. Accordingly, any error made in the recitation of the facts was harmless, and these objections are overruled.

**C. Tolling of the Statute of Limitations**

Four of Harnden's objections — Objections 4, 7, 8, and 12 — relate to her argument that the statute of limitations should have been tolled during the pendency of the alleged state and federal investigations that she requested. See Objs. at 5, 10-13, 16. The magistrate judge determined that the criminal investigations would not toll the statute of limitations, and thus ruled that the limitations period continued running during that time.

This claim was already discussed by this Court in another of Harnden's suits. See Harnden v. State of Michigan Dep't of Human and Health Services, No. 16-13906, 2017 WL 3224969 (E.D. Mich. July 31, 2017). There, the Court wrote:

> Upon de novo review, the Court agrees with the magistrate judge that Harnden's remaining claims are barred by the statute of limitations, and that any criminal investigation did not toll that time period. The question of when a federal civil rights claim accrues is one of federal law. Harnden, 2016 WL 2731188, at *4. "In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action," the latter of which the plaintiff "should have discovered ... through the exercise of reasonable diligence." Id. (quoting Bowden v. City of Franklin, Ky., 12 Fed.Appx. 266, 273 (6th Cir. 2001)). As noted above, Harnden acknowledges that she was aware of the actions giving rise to the present action, which ceased on March 15, 2010. As such, Harden had until March 15, 2013 to file her lawsuit. She did not. Instead, she waited until November 3, 2016—over three years after the statute of limitations had run.
>
> For Harnden's claims to still be timely, the limitations period must have been tolled. Tolling principles are governed by state law. Id. (citing Bowden, 12 Fed.Appx. at 272-273). "[T]he Michigan Court of Appeals has held that a pending criminal matter does not toll the time to file a civil action." Id. (citing Attorney Gen. v. Harkins, 669 N.W.2d 296, 302 (Mich. Ct. App. 2003); Runions v. Auto-Owners Ins. Co., 495 N.W.2d 166, 168 (Mich. Ct. App. 1992)). Harden has not provided

6

> any Michigan authority reaching the opposite conclusion. Therefore, Harnden's objections lack merit and are overruled.

Id. at *6. The Sixth Circuit agreed and affirmed this Court's decision. See Harnden v. State of Michigan Dep't of Human and Health Services, No. 17-2022 (6th Cir. March 5, 2018).

The same applies here. Harnden did not file her suit until November 3, 2016, long after the limitations period had run. She still has not cited any Michigan authority reaching the conclusion that a pending criminal investigation tolls the statute of limitations, instead relying on non-Michigan cases that do not even address tolling.[2]. Accordingly, her Objections 4, 7, 8, and 12 lack merit and are overruled.[3]

### D. Bivens Action

In her Objection 10, Harnden claims that the magistrate judge erred when writing that Defendants were not subject to a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Harnden argues that, regardless of who employs them,

---

[2] One case, Sec. & Exch. Comm'n v. Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir. 1980), discusses whether a stay of that case would be appropriate in light of an on-going criminal investigation. The other addresses whether an IRS employee could challenge the administrative process that resulted in affirming his dismissal based on a delay in the proceeding triggered by an on-going criminal investigation. Peden v. United States, 512 F.2d 1099, 1103-1104 (Fed. Cir. 1975). Neither case discusses tolling or the statute of limitations.

[3] One set of Harnden's allegations fall within the statute of limitations, and are the basis of her Objection 5. The objection relates to the magistrate judge's determination that the allegations regarding Samantha Lord, a guardian ad litem involved with the case, fail to state a claim against the Defendants. See Objs. at 5. The precise claim involving Samantha Lord is unclear, but it seems that Harnden is alleging that one of the defendants — Judge Elwood Brown — did not take seriously enough her accusations against Lord. See Compl. ¶¶ 67-70 (Dkt. 1). Harnden argues that her claims establish a due process violation because Judge Brown did not adequately investigate a kidnapping charge against Lord. The vague allegations are not specific enough to be considered plausible, but even if they were, Judge Brown is immune from suit due to his position as a judicial officer. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Accordingly, the objection is overruled.

7

government officials may not violate constitutional rights, and that "the state actors can be considered federal officials when you follow the money," noting that the State of Michigan receives federal funds for its child welfare system. See Objs. at 13-15. This objection is meritless. Harnden is correct that government officials may not violate constitutional rights regardless of whether they are properly classified as state or federal actors, but she fails to take the magistrate judge's point that there are parallel avenues of recovery against state and federal actors. State actors are held liable for violation of constitutional rights under 42 U.S.C. § 1983, and the magistrate judge construed her complaint as bringing claims under that statute. Bivens, on the other hand, is exclusively a ground for recovery against federal actors. See Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006) ("[A] Bivens action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983."). Harnden's claims were properly construed as being brought under 42 U.S.C. § 1983, and accordingly her Objection 10 is overruled.

**E. Kidnapping**

In her Objections 9 and 11, Harnden objects to the magistrate judge's determination that she could not bring a civil claim under the federal criminal statute for kidnapping, 18 U.S.C. § 3299. See Objections at 13, 15-16. This Court has previously addressed this argument in a case brought by Harnden, in which the undersigned wrote:

> Upon de novo review, this Court agrees with the magistrate judge; there is no private right of action for purported violations of the Federal Kidnapping Act. See, e.g., Monroe v. McNairy Cnty., Tenn., 850 F. Supp. 2d 848, 876 (W.D. Tenn. Feb. 6, 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); Giano v. Martino, 673 F. Supp. 92, 95 (E.D.N.Y. 1987) ("[T]he Federal Kidnapping Act was never intended to confer rights on the victim of a kidnapping, and does not do so by its language."), aff'd, 853 F.2d 1429 (2d Cir. 1987) (Table).

Harnden v. Crosswell-Lexington Community Schools, No. 15-12378, 2016 WL 2731188 at *2.

Harnden has presented no argument that this law is incorrect or should not be applied for some other reason. Simply put, there is no private right of action under the Federal Kidnapping Act, and Harnden's objections are overruled.

### F. Civil Conspiracy

The Court will last address Harnden's Objection 6. See Objs. at 6-10. In this objection, Harnden argues that the magistrate judge erred in finding that her civil conspiracy claim failed as a matter of law. The magistrate judge determined that the claim must fail because the remainder of Harnden's claims were time-barred. Harnden objects, arguing that she has satisfied the elements of civil conspiracy.

On de novo review, the Court agrees with the magistrate judge. Under Michigan law, "[a]n allegation of civil conspiracy, standing alone, is not actionable." Cousineau v. Ford Motor Co., 363 N.W. 2d 721, 730 (Mich. Ct. App. 1985). As made clear in the R&R and in this opinion, Harnden's § 1983 and state law claims are all time-barred. Accordingly, she has no surviving claim besides her claim of civil conspiracy. Thus, the civil conspiracy must also be dismissed. Harnden's Objection 6 is overruled.

### IV. CONCLUSION

For the reasons set forth above, the Court accepts the magistrate judge's recommendation dated December 4, 2017 (Dkt. 16), overrules Harnden's objections thereto (Dkt. 17), grants Defendants' motion to dismiss (Dkt. 11), and dismisses Harnden's claims with prejudice.

SO ORDERED.

Dated: March 13, 2018                    s/Mark A. Goldsmith
   Detroit, Michigan                  MARK A. GOLDSMITH
                                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2018.

                                                  s/Karri Sandusky
                                                  Case Manager